IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Tyrone Perry, #307793, | ) | C/A No.: 1:11-2334-MBS-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Warden McCall, Perry Correctional | ) | |
| Institution, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Tyrone Perry is an inmate at the Perry Correctional Institution of the South Carolina Department of Corrections. He filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the following motions: (1) Petitioner's motions for default judgment [Entry #18, #29]; (2) Petitioner's motion to dismiss [Entry #20]; and (3) Respondent's return and motion for summary judgment. [Entry #22, #23]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion by January 23, 2012. [Entry #25]. Petitioner filed a response on January 23, 2012. [Entry #35-37].

Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion for summary judgment be granted and Petitioner's motions be denied.

Petitioner's motions for default judgment and motion to dismiss should be denied because Respondent filed a timely return by December 19, 2011. Despite Petitioner's calculations to the contrary, the docket reflects that Respondent's original deadline for filing a return was November 18, 2011 [See docket text of Entry #10: "Order authorizing service of process. Directing petitioner to notify the clerk in writing of any change of address. Return and Memorandum due by 11/18/2011."]. On November 18, 2011, Respondent sought an extension of time to file his return. [Entry #14]. On November 21, 2011, the court granted the extension for Respondent to file his return by December 19, 2011. [Entry #15]. Because Respondent timely filed his return, Petitioner's motion for default judgment and motion to dismiss should be denied. The remainder of this Report and Recommendation address Respondent's return and motion for summary judgment.

I.     Procedural Background

Petitioner was indicted by the Spartanburg County grand jury in March 2005 for murder (2005-GS-42-0836). [Entry #22-13 at 1–2]. Petitioner was represented by James Hatcher, Esq. and pled guilty before the Honorable J. Cordell Maddox on February 1, 2006. [Entry #22-1 at 3–27]. Judge Maddox sentenced Petitioner to fifty years imprisonment. [Entry #22-1 at 27].

Petitioner appealed his convictions and sentences to the South Carolina Court of Appeals ("Court of Appeals"). On appeal, Petitioner was represented by Robert M. Dudek of the South Carolina Commission on Indigent Defense, Division of Appellate Defense,

who filed an *Anders*[1] brief on March 12, 2007 raising the following issue: "Whether appellant's waiver of rights colloquy failed to satisfy the mandates of *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969) since it was less than one page of transcript long and consequently was not a meaningful waiver?" [Entry #22-4 at 4]. Attorney Dudek certified to the court that the appeal was without merit and asked to be relieved as counsel. [Entry #22-4 at 9]. Petitioner filed a *pro se* response to the *Anders* brief in which he claims his attorney was ineffective and his guilty plea was involuntary.   [Entry #22-5].

On April 7, 2008, the Court of Appeals filed an unpublished decision dismissing Petitioner's appeal pursuant to the *Anders* procedure. [Entry #22-1 at 40–41]. The remittitur was issued on April 24, 2008. [Entry #22-6].

Petitioner filed an application for post-conviction relief ("PCR") on February 19, 2008, in which he alleged ineffective assistance of counsel and involuntary guilty plea. [Entry #22-7]. A PCR evidentiary hearing was held before the Honorable J. Mark Hayes II on July 28, 2009, at which Petitioner and his counsel, Kenneth P. Shabel, Esq. appeared. [Entry #22-1 at 54–56; #22-2 at 1–41].   On October 13, 2009, Judge Hayes entered an

---

1 *Anders v. California*, 386 U.S. 738 (1967).   *Anders* requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited.   *Anders*, 386 U.S. at 744.

order of dismissal.[2] [Entry #22-2 at 43–49]. On March 22, 2010, Petitioner appealed from the denial of PCR to the South Carolina Supreme Court. [Entry #22-8].

Appellate Defender Wanda H. Carter of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, represented Petitioner on appeal and filed a *Johnson*[3] petition for writ of certiorari in the South Carolina Supreme Court on March 15, 2010 and petitioned to be relieved as counsel. [Entry #22-9]. The petition raised the following issue: "Trial counsel erred in failing to fully explain to petitioner sentencing consequences in the case." [Entry #22-9 at 3]. Petitioner filed a *pro se* brief in which he raised the following issues:

> 1. Whether PCR counsel was ineffective for failing to seek appellate review to preserve issues raised at PCR to satisfy the mandates of *Pruitt v. State*, 310 S.C. 254, 423 S.E.2d 127 (1992) and *Austin v. State* 409 S.E.2d 395 (1992) since a 59(e) motion wasn't filed.
>
> 2. Whether PCR court erred in dismissing Post conviction relief application and not complying with S.C. Code Ann. § 17-27-80 (1985) and Rule 52(a) SCRCP because dismissal doesn't contain specific findings of fact and conclusions of law with regard to each issue raise in petitioner's application and at the hearing.

[Entry #22-10].

On July 21, 2011, after careful consideration of the entire record as required by *Johnson*, the South Carolina Supreme Court denied the petition and granted counsel's

---

2 Respondent references in his Return [Entry #22 at 3, fn 2] that Petitioner submitted an untimely *pro se* Rule 59(e) motion that was received by the Spartanburg County Clerk of Court's Office on November 16, 2009, but the record does not reflect the motion.

3 *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988) (applying the factors of *Anders v. California*, 386 U.S. 738 (1967), to post-conviction appeals).

request to be relieved. [Entry #22-11]. The remittitur was issued on August 9, 2011. [Entry #22-12]. Petitioner filed this federal petition for a writ of habeas corpus on August 25, 2011. [Entry #1].[4]

II.     Discussion

        A.      Federal Habeas Issues

        Petitioner now asserts he is entitled to a writ of habeas corpus on the following grounds:

**Ground One:**     Failure to call witnesses (investigate).

                    Supporting Facts: Crime scene witnesses, alibi witnesses. Failure to investigate witnesses before advising to plea.

**Ground Two:**     Failure to investigate medical records.

                    Supporting Facts: Ineffective for failing to investigate medical records (mental health records) and psychiatrists of petitioner.

**Ground Three:**   Failure to suppress statements.

                    Supporting Facts: Failed to file motion to suppress coerced statements made by police.

**Ground Four:**    Government breached plea agreement.

                    Supporting Facts: Plea counsel coerced petitioner by telling him he would receive 25 years with two witnesses present. Petitioner actually got 50 years.

[Entry #1 at 5-11].

---

[4] The petition was received by the court on August 29, 2011 and docketed on September 2, 2011. However, because Plaintiff is incarcerated, he benefits from the "prison mailbox rule." *Houston v. Lack*, 487 U.S. 266 (1988). Petitioner indicates, and his envelope reflects, that the petition was deposited in the prison mailing system on August 25, 2011.

B.      Standard for Summary Judgment

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, *see,*

*e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

        C.      Habeas Corpus Standard of Review

        1.      Generally

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

2. Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

a. Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b)     (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—

(A)     the applicant has exhausted the remedies available in the courts of the State; or

(B)     (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)     An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR.   State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976).   If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP.   Failure to do so will result

in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State,* 653 S.E.2d 266 (S.C. 2007).[5] Furthermore, strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, regardless of whether the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983)*; Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977).

### b.      Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state

---

[5]In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not been uniformly and strictly enforcing the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar.   Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 23, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing

of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Matthews v. Evatt*, 105 F.3d at 915 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

### 3.     Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.* Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th

Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

4.     Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, a petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1985). Petitioner bears the burden of proving an error and prejudice in his ineffective assistance of counsel claim. *Id.*

D.     Analysis

1.     Procedurally-Barred Grounds

As an initial matter, Respondent contends that all of Petitioner's grounds are procedurally-barred to the extent that they were not raised in a direct appeal or PCR appeal. Petitioner alleges ineffective assistance of counsel for (1) failing to investigate crime scene witnesses and alibi witnesses before advising him to plead guilty; (2) failing to investigate his mental health records; (3) failing "to file motion to suppress coerced statements made by [Petitioner to] police;" and (4) providing inaccurate advice about the sentence he would receive.[6]

---

[6]  Petitioner states in his fourth ground that the government breached the plea agreement, but in his supporting facts, he states that "plea counsel coerced petitioner by telling him he

The undersigned agrees that the procedural bar applies to Grounds One through Four. These grounds were not argued during the PCR proceeding, nor addressed by the order denying PCR relief. Petitioner has not demonstrated that he sought a ruling by filing a timely Rule 59(e) motion. Under state court procedure, the state supreme court has held that such issues are not preserved for consideration on appeal. *Marlar*; *Simpson v. Moore*, 627 S.E.2d 701, 708 n.3 (S.C. 2006); *Harris v. State*, 581 S.E.2d 154 (S.C. 2003).

Therefore, to the extent that Grounds One through Four were not raised in Petitioner's direct or PCR appeal, they were not fairly presented to the South Carolina appellate courts and are procedurally-barred from federal habeas review. *See Coleman*, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review).

2.     Cause and Prejudice

Petitioner has not shown sufficient cause and prejudice to excuse the default of Grounds One through Four. In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the

---

would receive 25 years with two witnesses present" instead of the 50 years he actually received. Therefore, this ground appears to be more properly construed as an ineffective assistance of counsel claim. To the extent Petitioner intends to argue that the prosecution breached the plea agreement, his claim is procedurally defaulted under *Coleman* because he did not raise it on direct appeal or at PCR.

default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Petitioner has failed to meet this burden. Thus, they are procedurally barred from consideration by this court and should be dismissed. *Id.*; *see* 28 U.S.C. § 2254; *Rodriguez v. Young*, 906 F.2d 1153, 1159 (7th Cir. 1990) ("Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."); *Mazzell v. Evatt*, 88 F.3d 263, 269 (4th Cir. 1996) (In order to show prejudice a Petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.); *Wainwright,* 433 U.S. at 88–91; *Murray*, 477 U.S. at 496; *Rodriguez*, 906 F.2d at 1159 (a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent") (citing *Murray*); *Sawyer v. Whitley*, 505 U.S. 333, 348 (1992); *Bolender v. Singletary*, 898 F. Supp. 876, 881 (S.D. Fla. 1995).

The existence of cause must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's or his efforts to comply with the State's procedural rule. *Murray*, 477 U.S. at 488. Petitioner fails to articulate cause for procedurally defaulting on Grounds One through Four. Petitioner had a guilty plea in which he raised no objection, had a direct appeal, a PCR hearing, and an appeal from the PCR in which to raise these issues. However, he failed to raise them, raise them properly, or preserve the issues for habeas review. Petitioner cannot establish cause and prejudice because he has consistently abandoned opportunities to preserve these issues.

In the alternative, Petitioner must show a miscarriage of justice. In order to demonstrate a miscarriage of justice, Petitioner must show he is actually innocent. Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Petitioner cannot establish that the errors he complains of probably resulted in the conviction of an innocent person. *Sclup v. Delo*, 513 U.S. 298, 327 (1995). In order to pass through the actual-innocence gateway, a petitioner's case must be "truly extraordinary." *Id.* The court's review of the record does not support a showing of actual innocence.

Petitioner admitted his guilt to murder at the guilty plea hearing, as follows:

The Court:    … Have you had plenty of time to talk to your lawyer about this plea?
(Brief Pause)
Petitioner:    Yes, sir.
The Court:    All right. Are you satisfied with his services?
(Brief Pause)
Petitioner:    Yes, sir.
The Court:    All right. You understand that the charge of murder carries a sentence of between thirty (30) years and life?   Do you understand that?
Petitioner:    Yes, sir.
The Court:    And you understand that, after this plea, that I'll have to come up with a sentence and it'll be between those two, thirty (30) and life?   Do you understand that?
Petitioner:    Yes, sir.

              …

The Court:    And are you waiving your right to put up a defense?
(Brief Pause)
Petitioner:    Yes, sir.
The Court:    All right. And are you doing so of your own free will?
(Brief Pause)
Petitioner:    Yes, sir.

| The Court: | All right. Has anybody promised you anything or threatened you, in any manner, to get you to plead guilty here today? |
| Petitioner: | No, sir. |
| The Court: | All right. All right, do you want to plead guilty to the crime of murder? |
| (Brief Pause) | |
| Petitioner: | Yes -- yes, sir. |
| The Court: | And are you guilty of that crime? |
| (Brief Pause) | |
| Petitioner: | (No Response) |
| The Court: | Mr. Perry, you have to be sure if you're going to plead guilty.   If you need a little time to talk to your lawyer, that's fine. |
| (Off-the-record Comments) | |
| Petitioner: | Yes, sir. |
| The Court: | All right. So, you are pleading guilty and you are guilty; is that right? |
| (Brief Pause) | |
| Petitioner: | Yes, sir. |

During the guilty plea colloquy, the Solicitor recited the following facts the State would intend to prove at trial, which facts Petitioner conceded in his guilty plea colloquy were accurate, to wit: that he had stabbed the victim, his girlfriend, after she had reported to her twin brother that she intended to leave Petitioner and go live with her mother; that she had written Petitioner a letter telling him she was going to call off the relationship; that Petitioner went to her place of employment, where the victim worked with her brother, that the victim found her brother and told him that she did not want to go with Petitioner; that thereafter, the police were called and witnesses reported to the investigator at the scene that they saw Petitioner hitting the victim in the car that she had been driving; that she exited the car and ran on foot, that Petitioner moved into the driver's seat and chased her by car, running the car into a ditch and continuing to chase her on foot; that she screamed for help, but that he was able to catch her; that he stabbed her, she fell, and he continued to stab her; that he ran away and fled the scene by car as a witness ran to help the victim; that she had

been stabbed 22 times, including defensive wounds, sustained a fractured rib, a punctured lung, a severed jugular vein, and a broken arm; that her DNA was found on Petitioner's clothing; and that Petitioner's cousin had received a voicemail from him indicating that he had "fucked up" and that he was thinking about killing himself. The Solicitor also stated that Petitioner had given two statements in the case. In the first statement, Petitioner claimed that the victim had pulled a knife on him and that he stabbed her in self-defense. After being confronted with the fact that none of the seven witnesses to the murder at the scene supported his version of the facts, in his second statement, Petitioner confessed that the victim never attacked him, that he just lost it and that he stabbed her. Petitioner led officers to where he had thrown out the knife. [Entry #22-1 at 10–14].

After the Solicitor's presentation of the foregoing facts, the court asked "Mr. Perry, do you agree with those facts?" After a brief pause, Petitioner stated "Yes, sir." [Entry #22-1 at 14].

The foregoing excerpt from the guilty plea colloquy reflects that Petitioner admitted he committed the crime of murder and admitted the facts as recited by the Solicitor. In light of the foregoing, Petitioner cannot show actual innocence, and therefore, the procedural bars apply to Grounds One through Four.

III.    Conclusion

For the foregoing reasons, the undersigned recommends Respondent's motion for summary judgment [Entry #23] be granted and Petitioner's motions for default judgment [Entry #18, #29] and motion to dismiss [Entry #20] be denied.

IT IS SO RECOMMENDED.

Shiva V. Hodges

May 17, 2012                                    Shiva V. Hodges
Columbia, South Carolina                       United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).