IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tyrone Perry, #307793, ) | |
| ) | C/A No. 1:11-2334-MBS |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Warden McCall, Perry Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner Tyrone Perry is an inmate in custody of the South Carolina Department of Corrections. Petitioner currently is housed at Perry Correctional Institution in Pelzer, South Carolina. On September 2, 2011, Petitioner, proceeding pro se, filed the within petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for a Report and Recommendation.

On September 26, 2011, the Magistrate Judge issued an order authorizing service of process and directing Respondent to file a return no later than fifty days from the date of service, or November 18, 2011. On November 18, 2011, Respondent requested an extension of time to answer until December 19, 2011, which motion was granted on November 21, 2011. Also on November 21, 2011, Petitioner filed a motion for entry of default. On December 9, 2011, Petitioner filed a motion to dismiss on the grounds that Respondent had failed to respond within the allotted time. On December 19, 2011, Respondent filed a return. Petitioner filed a motion for default judgment on December 27, 2011. Because Respondent's return was timely filed, Petitioner's motions for entry of default, to dismiss, and for default judgment (ECF Nos. 18, 20, 29) are **denied**.

Respondent filed a motion for summary judgment on December 19, 2011. Respondent asserted, among other things, that Petitioner's grounds for relief are procedurally barred. By order filed December 20, 2011, in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences of failing to respond adequately. Petitioner filed a response in opposition on January 23, 2012, along with additional attachments to the response on January 30, 2012 and February 2, 2012. On May 17, 2012, the Magistrate Judge issued a Report and Recommendation wherein she determined that Petitioner's claims are procedurally defaulted. Accordingly, she recommended that Respondent's motion for summary judgment be granted. Petitioner filed objections to the Report and Recommendation on June 4, 2012.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. This court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. Id.

## I. FACTS

On February 24, 2005, Petitioner was indicted in Spartanburg County, South Carolina, for murder, in violation of S.C. Code Ann. §§ 16-3-10 and 16-3-20. On February 1, 2006, Petitioner appeared with trial counsel before the Honorable J. Cordell Maddox, Jr. for a straight-up plea and sentencing. Transcript of Record, ECF No. 22-1, 5. The trial judge queried Petitioner regarding the

voluntariness of his plea, and asked him if he understood that the charge of murder carried a sentence of between thirty years and life. Id. at 7-8. Petitioner indicated that he understood he was waiving his constitutional rights. Petitioner stated that no one had promised him anything or threatened him in any manner to get him to plead guilty. Petitioner admitted that he was pleading guilty because he was guilty. Id. at 8-10.

The solicitor informed the trial judge that the incident had occurred on January 4, 2005. Id. at 10. According to the solicitor, Petitioner was in a relationship with the victim. On January 3 2006, the victim had worked a shift at Spartanburg Steel with her twin brother, whom she told she was leaving Petitioner and returning home to live with her mother. Id. Petitioner appeared at the victim's workplace and had a discussion with the victim's brother. Petitioner agreed to allow the victim to leave unaccosted. Id. at 11. Around 12:22 a.m., the Spartanburg County Sheriff's Office received a telephone call about a stabbing. The victim was found in the road unresponsive. Id. Eye witnesses on the scene informed law enforcement that they had seen Petitioner hitting the victim in her vehicle. The victim had jumped from the car and run. Petitioner chased her and stabbed her twenty-two times. Petitioner then fled the scene. Id. at 11-12, 13. The victim was transported to Spartanburg Regional Hospital, where she died. Id. at 13.

The solicitor stated that Petitioner was taken into custody. He first gave a statement that the victim had pulled a knife and threatened him, and that he stabbed her in self defense. When challenged, he gave a second statement, stating that he had "just lost it" and stabbed the victim. Id. at 12. According to the solicitor, Petitioner took law enforcement officers to the location of the knife used in the stabbing. Blood DNA analysis showed the victim's blood on Petitioner's clothing. Id. at 12-13. Petitioner agreed with the facts as recited by the solicitor. Id. at 14.

3

Trial counsel opined that Petitioner's acts were the result of a drug addiction to cocaine, heroin, and marijuana. Id. at 16-17. Petitioner's mother also offered her opinion that Petitioner "never had these kinds of problems until he got into the drug addiction." Id. at 17. Petitioner apologized to the family of the victim. Id. at 20.

The trial judge informed Petitioner that, contrary to earlier remarks that Petitioner would need serve only eighty-five percent of his sentence, the sentence would be a "day-per-day." Id. at 21. Petitioner indicated that he understood he would be required to serve the entire sentence. Id. The trial judge found that Petitioner's guilty plea was freely and voluntarily made. The trial judge therefore accepted the plea and sentenced Petitioner to fifty years incarceration. Id. at 27.

Petitioner appealed his sentenced on February 3, 2006. A brief pursuant to Anders v. California, 386 U.S. 738 (1967), was filed on Petitioner's behalf by counsel from the South Carolina Commission on Indigent Defense. The brief addressed the following sole issue:

STATEMENT OF ISSUE ON APPEAL

> Whether [Petitioner's] waiver of rights colloquy failed to satisfy the mandates of Boykin v. Alabama, 395 U.S. 238 (1969) since it was less than one page of transcript long and consequently was not a meaningful waiver?

ECF No. 22-1, 32.

The South Carolina Court of Appeals dismissed the appeal by unpublished opinion filed April 7, 2008. The case was remitted to the lower court on April 24, 2008. ECF No. 22-6, 1.

On February 19, 2008, Petitioner filed an application for post-conviction relief (PCR) in the Court of Common Pleas for Spartanburg County, South Carolina. Petitioner asserted the following grounds for relief:

1. Ineffective assistance of counsel
    a. failure to investigate witnesses
    b. failure to investigate medical records
    c. failure to file motion for coerced statements to be suppressed

2. Involuntary guilty plea

ECF No. 22-7, 3.

Petitioner, represented by PCR counsel, appeared before the Honorable J. Mark Hayes, II on July 28, 2009 for a hearing on his PCR application. Petitioner, his mother, and his aunt all testified that trial counsel forced Petitioner to sign a plea agreement. They also testified that trial counsel informed Petitioner that he would be sentenced to only twenty-five years incarceration. Transcript of Record, ECF No. 22-2, 2-10 & 18. Petitioner further testified that he believed the witness statements were inconsistent and that he had wanted trial counsel to interview those witnesses. Id. at 16. Petitioner further testified that he was coerced into making a statement to law enforcement shortly after the murder. Id. at 17. Petitioner denied being informed of his rights under Miranda v. Arizona, 384 U.S. 436 (1966). Id. at 18. Petitioner stated that he believed he would be serving an eighty-five percent sentence as opposed to a day-for-day sentence. Id. at 20. Petitioner further asserted that he did not understand how trial counsel had come up with the assumption that Petitioner was addicted to drugs. Id. Petitioner stated that he thought his "straight up" plea was "the negotiated, the bargain we made earlier." Id. at 22. Petitioner also testified that he had requested trial counsel to suppress his statements to law enforcement, but that trial counsel had failed to do so. Id.

Trial counsel testified that there was a lot of evidence against Petitioner. Id. at 28. Trial counsel testified that he had obtained a mental evaluation of Petitioner, but that the evaluation did

not benefit Petitioner's defense. Id. at 29. Trial counsel stated that the solicitor did not offer a plea bargain, but did make an offer of a choice of judge. Id. at 29-30. Trial counsel acknowledged that he had not conducted an independent investigation of the witnesses or file a motion to suppress Petitioner's statements to law enforcement officers. Id. at 38.

On October 13, 2009, the PCR judge issued an order in which he found trial counsel's testimony to be credible and Petitioner's testimony to be not credible. The PCR judge determined that Petitioner failed to meet his burden of proof as to ineffective assistance of counsel. The PCR judge further determined that Petitioner failed to "present any evidence regarding any and all allegations raised in the application or at the hearing . . . and not specifically addressed in this Order[.]" Accordingly, the PCR judge denied and dismissed Petitioner's PCR application. ECF No. 22-2, 3-49.[1]

Petitioner filed a notice of appeal on March 22, 2010. A petition for writ of certiorari pursuant to Johnson v. State, 364 S.E.2d 201 (S.C. 1988), was filed on Petitioner's behalf by the South Carolina Commission on Indigent Defense, raising the following sole issue:

ISSUE PRESENTED

    Trial counsel erred in failing to fully explain to petitioner sentencing consequences in the case.

ECF No. 22-9, 3. The gravamen of the argument made by PCR appellate counsel was that trial counsel was ineffective for failing to ensure Petitioner understood that his sentence would be a "day for day" sentence. Id. at 5.

Petitioner also filed a pro se brief in which he raised the following issues:

___

[1] It appears Petitioner attempted to file a motion to reconsider pursuant to S.C. R. Civ. P. 59(e), but the motion was untimely. See ECF No. 43-1, 17-24.

6

ISSUES PRESENTED

I. Whether PCR counsel was ineffective for failing to seek appellate review to preserve issues raised at PCR to satisfy the mandates of Pruitt v. State 310 S.C. 254, 423 SE2d 127 (1991) and Austin v. State 409 SE2d 395 (1992) since a 59(e) motion wasn't filed

II. Whether PCR court errored in dismissing post-conviction relief application and not complying with S.C. Code Ann 17-27-80 (1985) and Rule 52(a) SCRCP because dismissal doesn't contain specific findings of fact and conclusion of law with regard to each issue raised in petitioner's application and at the hearing.

ECF No. 22-10, 3.

The South Carolina Supreme Court denied the petition for writ of certiorari on July 31, 2011.

ECF No. 22-11. The matter was remitted to the lower court on August 9, 2011. ECF No. 22-12.

Petitioner's § 2254 petition sets for the following grounds for relief:

GROUND ONE: Failure to call witnesses (investigate). Crime scene witnesses. Alibi witnesses. Failure to investigate witnesses before advising to plea.

GROUND TWO: Failure to investigate medical records. Ineffective for failing to investigate medical records (medical health records) and psychiatrists of petitioner.

GROUND THREE: Failure to suppress statements. Failed to file motion to suppress coerced statements made by police.

GROUND FOUR: Government breached plea agreement. Plea counsel coerced petitioner by telling him he would receive 25 years with two witnesses present. Petitioner actually got 50 years.

ECF No. 1, 6-11.

The § 2254 petition is governed by the terms of 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which became effective on April 24, 1996.

## II. DISCUSSION

The Magistrate Judge determined that Petitioner's Grounds One through Four as set forth in

his § 2254 petition are procedurally barred. Title 28, United States Code, Section 2254(b)(1) provides:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

An exhausted claim has been "fairly presented" to the state courts. Flippo v. McBride, 393 F. App'x 93, 97 (4th Cir. 2010) (citing Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir.1997)). A procedurally defaulted claim is one that either has been, or would be, rejected by the state courts, not on the merits, but on the basis of an adequate and independent state procedural rule. Id. (citing Burket v. Angelone, 208 F.3d 172, 183 (4th Cir.2000)). Thus, a federal court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 729 (1991). This rule applies whether the state law ground is substantive or procedural. Id. The "independent and adequate state law ground" applies to bar federal habeas when a state court declines to address a petitioner's federal claims because the petitioner failed to meet a state procedural requirement. Id. at 730. This rule also applies when a petitioner has deprived the state court of an opportunity to address his federal claims in the first instance because he has failed to meet the state's procedural requirements for presenting his claim. Id. at 732. Thus, when a petitioner fails to exhaust state remedies and the court to which petitioner

would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for purposes of federal habeas regardless of the decision of the last state court to which the petitioner actually presented his claims. Id. at 735, n.1.

Courts may excuse a procedural default and reach the merits of a claim only if petitioner can show cause for the default and prejudice resulting therefrom or that a failure to consider the claims will result in a fundamental miscarriage of justice. Id. (quoting McNeill v. Polk, 476 F.3d 206, 211 (4th Cir. 2007)). This rule protects the state's interest in the finality of its judgments and promotes respect for the state-court system. Bostick v. Stevenson, 589 F.2d 160 (4th Cir. 2009) (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)).

In this case, Petitioner generally raised Grounds One through Four at his PCR hearing. The PCR judge determined that Petitioner did not receive ineffective assistance of counsel. However, as demonstrated hereinabove, Petitioner did not seek a writ of certiorari as to any of these specific grounds for relief. Rather, PCR appellate counsel raised an issue regarding Petitioner's understanding that he would receive a "day for day" sentence. Petitioner raised grounds concerning Rule 59(e). Petitioner now would be prohibited by state procedural rules from filing a petition for writ of habeas corpus as to Grounds One through Four. See S.C. R. App. P. 203. Accordingly, these issues are barred from federal habeas review.

Petitioner contends that he attempted to comply with South Carolina filing requirements but was thwarted either at McCormick Correctional Institution, where he previously was housed, or by ineffective assistance of PCR appellate counsel. "'[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the

9

defense impeded counsel's effort to comply with the State's procedural rule.'" Weeks v. Angelone, 176 F3d 249, 272 (4th Cir. 1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). Constitutionally ineffective assistance of counsel may constitute "cause" for a procedural default under certain circumstances. Id. (citing Murray, 477 U.S. at 488). In order for ineffective assistance of counsel to constitute cause for a procedural default, Petitioner must first demonstrate a constitutional right to counsel in the proceeding at issue. Ivey v. Catoe, 36 F. App'x 718, 730 (4th Cir. 2002) (citing Mackall v. Angelone, 131 F.3d 442, 448 (4th Cir. 1997)).

As an initial matter, with respect to Petitioner's contention that he received ineffective assistance of counsel in raising all claims in the petition for writ of certiorari, Petitioner has no right to effective assistance of counsel in his state habeas proceedings. Accordingly, he cannot demonstrate cause to excuse the procedural default.

With respect to the staff of the McCormick Correctional Institution mail room, Petitioner argues that the staff's negligence prevented him from filing a timely Rule 59(e) motion seeking reconsideration of the PCR judge's order. However, Petitioner does not explain how this would have aided him in appealing the issues raised in his application for PCR. Petitioner testified during the PCR hearing regarding the facts supporting Grounds One through Four. The PCR judge ruled that Petitioner failed to meet his burden of proof as to ineffective assistance of counsel. Further, Petitioner had the opportunity to raise the issues set forth in Grounds One through Four in his pro se petition for writ of certiorari. Petitioner's objection is without merit.

The court further agrees with the Magistrate Judge that Petitioner cannot demonstrate a miscarriage of justice. Where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a

showing of cause for the procedural default. Murray, 477 U.S. at 496. In this case, Petitioner admitted his guilt under oath at the guilty plea hearing. The solicitor placed facts about the murder in the record, to which facts Petitioner agreed. A guilty plea is a solemn judicial admission of the truth of the charge, and the right to later contest that plea is usually foreclosed. United States v. Hoyle, 33 F.3d 415, 419 (4th Cir. 1994) (citing Via v. Superintendent, 643 F.2d 167, 171 (4th Cir. 1981)). There is no foundation in the record to support a finding that Petitioner is actually innocent, or that his plea was not knowing and voluntary. Petitioner's objection is without merit.

### III. CONCLUSION

The court concurs in the Report and Recommendation. For the reasons stated, Respondent's motion for summary judgment (ECF No. 23) is **granted**. Petitioner's petition for a writ of habeas corpus is **denied** and dismissed, with prejudice.

### IV. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases, as effective December 1, 2009, provides that the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that Petitioner has not made the requisite

showing.  Accordingly, the court **denies** a certificate of appealability.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour  
Chief United States District Judge

Columbia, South Carolina

August 28, 2012.

**NOTICE OF RIGHT TO APPEAL**

**Petitioner is hereby notified of the right to appeal this order
pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**